IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| James Walter Alexander, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 4:18-3568-BHH |
| v. ) | |
| ) | **ORDER** |
| Warden Charles Mitchell Williams, ) | |
| Major Stephanie Marshal, ) | |
| Tim. E. Rogers, ) | |
| Associate Warden Allyson Glidewell, ) | |
| Associate Warden Thomas Robinson, ) | |
| Jessica Harris, also known as Jessica ) | |
| Stokes, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

This matter is before the Court upon Plaintiff James Walter Alexander's ("Plaintiff" or "Alexander") pro se action filed pursuant to 42 U.S.C. § 1983. Plaintiff filed an amended complaint on February 6, 2019, and Defendants filed a motion for summary judgment on October 21, 2019. In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the matter was referred to a United States Magistrate Judge for preliminary determinations.

On March 9, 2020, Magistrate Judge Thomas E. Rogers, III issued a report and recommendation ("Report") outlining the issues and recommending that the Court grant Defendants' motion for summary judgment.

## STANDARDS OF REVIEW

**I.    The Magistrate Judge's Report**

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final

determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

## II.     Summary Judgment

A court shall grant summary judgment if a party shows that there is no genuine dispute as to any material fact and the party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The judge is not to weigh the evidence, but rather to determine if there is a genuine issue of fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). If no material factual disputes remain, then summary judgment should be granted against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party bears the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). All evidence should be viewed in the light most favorable to the non-moving party. *See Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 123-24 (4th Cir. 1990).

**DISCUSSION**

In his amended complaint, Plaintiff, who is housed at McCormick Correctional Institution, alleges that Defendants violated his Eighth Amendment rights by failing to replace certain items, including clothing items, a cup, a spoon, sheets, and a blanket, that were allegedly lost or misplaced when he was moved to a new cell on August 13, 2018.

In the Magistrate Judge's Report, he first determined that, viewing the evidence in the light most favorable to Plaintiff, a question of fact exists as to whether Defendants inhibited Plaintiff's ability to used the grievance system and exhaust his administrative remedies. Accordingly, the Magistrate Judge proceeded to consider Plaintiff's claims on the merits.

As previously explained, Plaintiff complains that Defendants violated his Eighth Amendment rights by failing to replace certain of his personal items that were lost or misplaced during a mass movement of inmates that occurred on August 13, 2018. In reviewing the record, the Magistrate Judge considered the affidavit of Tim Rogers, the administrative coordinator and commissary manager at McCormick, who explained that the commissary at McCormick evaluated all of Plaintiff's requests for desired items and provided the appropriate items to Plaintiff, and he further averred that he is not aware of any requests from Plaintiff that have been ignored or denied without good cause. The Magistrate Judge reviewed the inmate request forms and requests to staff members of Plaintiff and ultimately found that even if a question of fact existed as to when Plaintiff received certain items, such as sheets and a blanket, Plaintiff still failed to produce any evidence of a serious or significant injury resulting from the challenged conditions. Accordingly, the Magistrate Judge recommended that the Court grant Defendant's motion

for summary judgment on this basis.

Following entry of the Magistrate Judge's Report, Plaintiff filed a motion to schedule a trial date (ECF No. 101), a motion to appoint counsel (ECF No. 106), and objections to the Magistrate Judge's Report (ECF No. 107). After review, the Court finds no merit to any of Plaintiff's filings. In his objections to the Magistrate Judge's Report, Plaintiff simply rehashes his claims, repeats his request for a lawyer, and asserts that he has carpal tunnel syndrome and that he has mental health and emotional problems. With respect to the fact that Plaintiff had a blanket as of October of 2018, Plaintiff admits that he received a blanket from his roommate at some point, and he asserts that he only requested a few of his things from the commissary at a time "to see how that goes." (ECF No. 107 at 5.) Importantly, nowhere in Plaintiff's objections does he produce evidence of a serious or significant physical or emotional injury specifically *resulting from the challenged conditions.*[1] *Strickler v. Waters*, 989 F.2d 1375, 1381 (4th Cir. 1993) (*see also* ECF No. 90 at 6 (stating that plaintiff "already" suffers from certain health problems and that the deprivation of his personal items "could set off" his problems)). Thus, the Court agrees with the Magistrate Judge that even if an issue of fact exists as to when and/or whether Plaintiff received the items he requested from the commissary, Defendants are entitled to summary judgment because there is insufficient evidence to show that Plaintiff has been subjected to cruel and unusual punishment within the meaning of the Eighth Amendment. *See id.* At 1381, n.9 ("The mere incantation of 'physical and mental injury,' of course, is inadequate to survive

---

[1] In response to Plaintiff's objections, Defendants provided the Court with a set of Plaintiff's medical and mental health records from August 13, 2018, through September 23, 2019, and these records do not indicate that Plaintiff complained of any injury as a result of the conditions of his confinement during this time.

a motion for summary judgment."). In other words, aside from Plaintiff's conclusory allegations, there is no evidence that Plaintiff was refused medical treatment at any point or that he suffered some serious or significant injury, whether physical or emotional, as a result of the challenged conditions.

Finally, because the Court agrees with the Magistrate Judge that Defendants are entitled to summary judgment, the Court denies Plaintiff's motion to schedule a trial date. The Court also denies Plaintiff's motion for the appointment of counsel, as there is no right to the appointment of counsel in § 1983 cases, and Plaintiff has not shown the existence of any exceptional circumstances to otherwise justify the appointment of counsel.

## CONCLUSION

Based on the foregoing, the Court adopts and specifically incorporates the Magistrate Judge's Report (ECF No. 99); overrules Plaintiff's objections (ECF No. 107); grants Defendants' motion for summary judgment (ECF No. 74); denies Plaintiff's motion to schedule a trial date (ECF No. 101); and denies Plaintiff's motion for the appointment of counsel (ECF No. 106).

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
The Honorable Bruce Howe Hendricks
United States District Judge

September 1, 2020
Charleston, South Carolina

## NOTICE OF RIGHT TO APPEAL

The right to appeal this order is governed by Rules 3 and 4 of the Federal Rules of Appellate Procedure.

5